Filed 9/26/24  P. v. Jones CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C100325 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF2301277, CRF2101356) |
| v. | |
| KENNETH JAMES JONES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kenneth James Jones filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

## I.  BACKGROUND

In June 2022, in case No. CRF21-1356, defendant pled no contest, pursuant to a negotiated plea agreement, to forcible rape and false imprisonment by violence and

1

admitted he had previously been convicted of a serious felony. The terms of the plea agreement specified that a sentencing hearing would be held one year later and, in the meantime, defendant would be released subject to the following conditions: (1) comply with the criminal protective order requiring him to stay away from the victim; (2) obey all laws; (3) abstain from alcohol and avoid places where alcohol is the chief item of sale; (4) submit to searches for alcohol; and (5) attend a 52-week batterers program. If defendant complied with the terms of the plea agreement, the court would dismiss the rape conviction and two other charges, would strike the prior serious felony conviction, and would place defendant on probation for three years. If defendant failed to comply, he would be sentenced to at least the lower term prison sentence for each offense, for a total aggregate prison sentence of at least seven years four months.

In December 2023, again pursuant to a negotiated plea agreement, defendant pled no contest in case No. CRF23-1277 to first degree robbery and willfully inflicting corporal injury resulting in a traumatic condition upon a dating partner, admitted he had previously been convicted of a serious felony, and admitted he violated the terms of his release in case No. CRF21-1356. As part of the negotiated agreement, defendant agreed to an aggregate sentence of 22 years in state prison for both cases.

Accordingly, the trial court sentenced defendant in case No. CRF21-1356 to 16 years in state prison for forcible rape—the eight-year upper term, doubled due to the prior serious felony conviction—plus a consecutive term of 16 months in state prison for false imprisonment by violence—one-third the two-year middle term, also doubled. The court ordered defendant to register pursuant to Penal Code section 290. The court also ordered defendant to pay a restitution fine of $5,100 and imposed a matching $5,100 fine, to remain suspended unless the court revoked defendant's parole. The court imposed a fine of $300 pursuant to Penal Code section 290.3, plus $930 in penalty assessments comprising: $300 pursuant to Penal Code section 1464; $60 pursuant to Penal Code

section 1465.7; $150 pursuant to Government Code section 70372[1]; $210 pursuant to section 76000; $60 pursuant to section 76000.5; $30 pursuant to section 76104.6; and $120 pursuant to section 76104.7. The court imposed two $30 conviction assessments and two $40 court operations assessments.

In case No. CRF23-1277, the court sentenced defendant to a consecutive term of 32 months in state prison for robbery—one-third the four-year middle term, doubled due to the prior serious felony conviction—plus a consecutive term of two years for inflicting corporal injury upon a dating partner—one-third the three-year middle term, also doubled. The court ordered defendant to pay a restitution fine of $1,200 and imposed a matching $1,200 fine, to remain suspended unless the court revoked defendant's parole. The court imposed two $30 conviction assessments and two $40 court operations assessments, and imposed a $10 fine pursuant to Penal Code section 1202.5, plus $30 in penalty assessments.

Defendant timely appealed from the judgment, indicating that his appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

## II. DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days elapsed, and defendant did not file a supplemental brief.

---

[1] Undesignated statutory references are to the Government Code.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors favorable to defendant.  Accordingly, we will affirm the judgment.

### III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

DUARTE, J.